UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Operating Engineers Local #49 Health and
Welfare Fund and Central Pension Fund of the
International Union of Operating Engineers and
Participating Employers, Local #49 International Union
Of Operating Engineers and Associated General
Contractors of Minnesota Apprenticeship and Training
Program and their Trustees,

   Plaintiffs,
vs.

Todd Schmidt d/b/a TMS Construction

   Defendant.
_____

Case No.: 09-cv-02098 (JNE/FLN)

**REPORT AND RECOMMENDATION**

By assignment from the Honorable Joan N. Ericksen, this matter came before the undersigned United States Magistrate Judge, upon the Plaintiffs Motion for Entry of Judgment. A hearing was held on December 7, 2009. Amy L. Court of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## **FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on August 11, 2009. Defendant was personally served with the Summons and Complaint in this matter on August 12, 2009.

2. Defendant failed to file and serve a response or Answer to the Summons and Complaint.

3. The Clerk entered default on September 4, 2009.

4. Plaintiffs are the Trustees and fiduciaries of the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program ("Funds").

5. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

6. The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

7. At all times material herein, Defendant Todd Schmidt d/b/a TMS Construction ("Schmidt") was bound to the terms of a Collective Bargaining Agreement between Highway, Railroad and Heavy Construction of the Associated General Contractors of Minnesota and the International Operating Engineers Local #49 ("Collective Bargaining Agreement").

8. The Collective Bargaining Agreement requires Schmidt to contribute every month, not later than the 15th day of the following month contributions to the Funds in an amount set forth in the Collective Bargaining Agreement for each hour worked by Schmidt's employees covered by the Collective Bargaining Agreement.

9. The Collective Bargaining Agreement requires Schmidt to calculate the contributions due and owing in any given month to the Funds on a report form which must be submitted with Schmidt's monthly payment to the Funds.

10. The Collective Bargaining Agreement states that an employer shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

11. Schmidt breached the terms of the Collective Bargaining Agreement by failing to submit the fringe fund report and contributions for the period May, 2009 through August, 2009.

12. The Funds reasonably believe that Schmidt employed individuals during the period May, 2009 through August, 2009 for which contributions may be due and owing and continues to do so.

13. The September, 2009 report and contributions will become due on October 15, 2009 and the October, 2009 report and contributions will become due on November 15, 2009.

14. Without the reports, the Funds have no way of determining the amount due to the Funds on behalf of Schmidt's employees for the period May, 2009 to October, 2009.

15. The Funds have no adequate remedy at law to redress Schmidt's failure to submit the fringe benefit reports.

16. The Collective Bargaining Agreement states Schmidt must pay, as liquidated damages, an amount equal to 15% of the delinquent payment otherwise due.

17. The Collective Bargaining Agreement states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts

due.

18. Schmidt is in default and the Funds are entitled to entry of a default judgment.

19. Schmidt is liable, in an amount to be determined, for all fringe benefit contributions and associated liquidated damages for the period May, 2009 to October, 2009.

20. Schmidt is liable, in an amount to be determined, for the Funds' reasonable attorneys' fees and costs incurred in pursuing the delinquent contributions.

21. Awarding injunctive relief to enforce the Funds' right to the fringe benefit reports will serve the public interest.

22. Schmidt will suffer no harm if ordered to submit the fringe benefit reports.

23. The Funds are entitled to injunctive relief and are not required to provide security pursuant to Fed. R. Civ. P. 65(c) because no harm will befall Schmidt.

24. Because the Funds' right to the fringe benefit reports is separate and independent from their right to collect contributions, and because an injunction enforcing the Funds' right to the fringe benefit reports is a necessary first step in determining the amount of contributions due and owing, there is no just reason for delaying entry of judgment on the requested injunction. The Court will therefore order entry of judgment as to the Funds' request for injunctive relief under Fed. R. Civ. P. 54(b).

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED:**

1. That Plaintiffs' Motion for Default Judgment and Injunction be GRANTED.

2. That Schmidt be ORDERED to submit the fringe benefit reports for the period May, 2009 to October, 2009 that correctly identify the hours worked by his employees pursuant to the Collective Bargaining Agreement.

3. That Schmidt submit the required reports to the Funds' third party administrator, Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425 within ten (10) days of the date on which it is served with a copy of the Order.

4. That there being no just reason for delay, the Court order entry of judgment on the foregoing injunction pursuant to Fed. R. Civ. P. 54(b).

5. That the Court further DECLARE that Schdmit is liable to the Funds for:

    a. Delinquent contributions and liquidated damages due and owing for the period May, 2009 to October, 2009 pursuant to the Collective Bargaining Agreement; and

    b. The Funds' reasonable attorneys' fees and costs incurred in pursuing delinquent contributions.

6. That the Court determine the amount of contributions, liquated damages, and attorneys' fees and costs as follows:

    a. After receiving the fringe benefit reports, the Funds may file and serve a Motion for Entry of a Money Judgment in the amount the Funds determine that Schmidt owes for delinquent contributions and liquidated damages for the period May, 2009 to October, 2009 as well as reasonable attorneys' fees and costs.

b. Schmidt may then file an serve a response to the Funds' Motion within ten (10) days of the date the Funds' Motion is served

c. The Court will examine the parties' submissions and issue an order for judgment as the Court deems appropriate. No hearing will be held unless the Court orders otherwise.

Dated: ___12-07-09_____     BY THE COURT:


__s/ Franklin L. Noel_____
The Honorable Franklin L. Noel
United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 21, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **December 21, 2009,** a complete transcript of the hearing.